IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
DOTHAN DIVISION

| | |
|---|---|
| KENNETH LINTON, | ) |
| | ) |
| PLAINTIFF, | ) CASE NO.: |
| | ) |
| V. | ) PLAINTIFF DEMANDS TRIAL |
| | ) BY STRUCK JURY |
| ATS OPERATING, LLC doing business as AMERICA'S THRIFT STORES, | ) ) ) |
| | ) |
| DEFENDANT(S). | ) |

## COMPLAINT

COMES NOW, the Plaintiff, Kenneth Linton ("Plaintiff" or "Linton"), and files this Complaint to be answered by the Defendant pursuant to the Federal Rules of Civil Procedure.

### I. JURISDICTION

1. This action for injunctive relief and damages is brought under 28 U.S.C. §§ 1331, 1343(4), 2201, 2202, 29 U.S.C. § 2617(a)(2). The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights caused by the Defendant.

2. This is a suit authorized and instituted under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., (ADA).

3.   This is a suit authorized and instituted under the Family Medical Leave Act.

4.   This is a Complaint for legal and equitable relief and to redress the defendant's retaliatory discharge in violation of Ala. Code § 25-5-11.1 brought pursuant 28 U.S. Code § 1367.

## II.   JURISDICTIONAL PREERQUISITES

5.   Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on March 4, 2024, within 180 days of the last discriminatory act (Exhibit A).

6.   Plaintiff further sued within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC on March 14, 2025. (Exhibit B).

## III.   PARTIES

7.   Plaintiff, Kenneth Linton, ("Plaintiff" or "Linton") is currently a resident of Oletha, Kansas, but she performed work for the Defendant in Dothan, Alabama, which is located in the Middle District of Alabama, during the events of this case. Thus, under 28 U.S.C. § 1391(b), venue for this action lies in the Division.

8.   Defendant ATS Operating, LLC, doing business as America's Thrift Stores, ("ATS" or "Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama.

9. Defendant employed at least five-hundred (500) people during the current or preceding calendar year.

10. Defendant employed at least fifty (50) people for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. Defendant employed these fifty (50) employees within 75 miles of Plaintiff's worksite.

## IV. FACTS

11. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

12. Linton worked for the Defendant part time (around 30 hours per week) starting August 12, 2022.

13. Linton's wife, Deborah Linton also worked for the Defendant.

14. Linton's wife is deaf, dyslexic, suffers migraines, and has no colon.

15. Linton's wife was harassed for being deaf, laughed at, and mistreated when she tried to speak up for herself.

16. Linton's wife asked Linton to interpret for her with sign language when she had issues at work.

17. Linton complained to the Defendant it was treating his wife unfairly in May of 2023 based on her disability.

18. Linton's wife was unable to eat lunch at work because of her lack of a colon.

19. She had requested the accommodation of having a later start time and earlier stop time while working through lunch.

20. In June of 2023, Linton spoke up again for his wife because time she was working through lunch to accommodate her disability, but her time for her lunch break was being deducted from her check.

21. During his employment, Linton became injured at work. He was sent to a Workers Compensation provider who gave him a tetanus shot.

22. About a week after being given the tetanus shot, Linton suffered a stroke.

23. A stroke is a medical condition that occurs when blood flow to the brain is blocked or reduced and can cause brain damage, disability, or death.

24. The stroke rendered Linton disabled as he began to experience "brain fog" and was limited in his ability to perform normal daily life activities such as bathing, dressing, grooming, toileting, functional mobility, working, and other more complex tasks.

25. Linton needed time off to recover and rehabilitate from the stroke.

26. On August 12, 2023, after working for Defendant exactly 1 year, he took leave for the stroke and his condition after the stroke.

27. Linton was told he did not qualify for FMLA because he had not been there for 1 year, which was false.

28. Linton had worked for Defendant for 1 year and had worked one year of 6 hour shifts or 1300 hours in the preceding year when he took the leave.

29. Linton did qualify for FMLA but was not given FMLA leave.

30. While off, Linton received a letter from a corporate indicating if he did not return from leave on September 8, 2023, he would be terminated.

31. On September 5, 2023, Linton brought a doctor's excuse to work returning Linton to work on September 8, 2023, with light duty.

32. On September 7, 2023, Linton's supervisor, Jason Benda terminated Linton telling him he had taken too much time off and could not return to full duty.

33. Light duty work was available.

34. On or about September 8, 2023, Defendant hired two new cashiers.

35. The cashier position is considered light duty.

36. Defendant never engaged in an interactive process to determine whether light work was available for Linton.

V. **CLAIMS**

**COUNT I- ADA FAILURE TO ACCOMMODATE**

37. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

38. Plaintiff suffered from a stroke (limited blood flow to the brain) which caused brain fog and limited ability to perform daily life activities such as feeding, bathing, dressing, grooming, toileting, functional mobility, working and other more complex tasks.

39. Plaintiff's condition affected him such that the major life activities listed in paragraph 37 were significantly restricted as compared to the average person in the general population.

40. Plaintiff required the reasonable accommodation of taking FMLA leave (which could last 12 weeks) and/or returning to work with light duty.

41. Plaintiff requested that Defendant provide this reasonable accommodation of FMLA leave and/or returning to work with light duty.

42. Plaintiff was able to perform the essential functions of his job with and after sufficient leave to rehabilitate or light duty without accommodation for his disability.

43. The Defendant failed to engage in the interactive process required by the Americans with Disabilities Act even though Plaintiff was able to perform the essential functions of his job.

44. There were at least two light duty positions available at the time of Linton's termination.

45. As a result of Defendant's violation of the ADA, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## COUNT II- ADA DISCRIMINATION – TERMINATION

46. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

47. Plaintiff suffered from a stroke (limited blood flow to the brain) which caused brain fog and limited ability to perform daily life activities such as feeding, bathing, dressing, grooming, toileting, functional mobility, working and other more complex tasks.

48. Plaintiff's condition affected him such that the major life activities listed in paragraph 37 were significantly restricted as compared to the average person in the general population.

49. The Defendant knew Plaintiff's disability.

50. Plaintiff was able to perform the essential functions of his job with or without accommodation for his disability.

51. At all times relevant to this complaint, Plaintiff performed the essential functions of his job duties as in a satisfactory or better manner.

52. On September 7, 2023, Defendant terminated Plaintiff's employment, citing his leave to recover from his disability and his inability to return full duty.

53. There were at least two light duty positions available at the time of Linton's termination.

54. There is no logical, medical or other basis to believe that Plaintiff's disability would prevent Plaintiff him from performing the essential functions of the job.

55. But for Plaintiff's disability, Defendant would have retained Plaintiff in him in his employment with Defendant.

56. Defendant violated the ADA by terminating the Plaintiff's employment because of his disability.

57. Because of Defendant's violation of the ADA, Plaintiff has been damaged, suffering loss of pay, benefits and mental anguish.

## COUNT III– ADA –- RETALIATION

58. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

59. Plaintiff was qualified for his position and able to perform the essential functions of the job.

60. On or about May of 2023 and June of 2023, Plaintiff engaged in protected activity, when he spoke up for his wife when Defendant was discriminating against her for her disability.

61. Plaintiff also engaged in protected activities when he sought FMLA, and light duty to accommodate him for his own disability.

62. Defendant retaliated against Linton when they denied him FMLA leave that he qualified for, when they failed to accommodate him with light duty or engage in an interactive process, and when they terminated him on September 7, 2025.

63. But for Plaintiff's protected activity, Defendant would have retained Plaintiff in his employment with Defendant.

64. Defendant violated the ADA by terminating Plaintiff for engaging in protected activities.

65. Because of Defendant's violation of the ADA, Plaintiff has been damaged suffering loss of pay, benefits, and mental anguish.

## COUNT IV- ADA FAILURE TO PROMOTE/HIRE

66. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

67. Plaintiff suffered from a stroke (limited blood flow to the brain) which caused brain fog and limited ability to perform daily life activities such as feeding, bathing, dressing, grooming, toileting, functional mobility, working and other more complex tasks.

68. Plaintiff's condition affected him such that the major life activities listed in paragraph 37 were significantly restricted as compared to the average person in the general population.

69. The Defendant knew Plaintiff's disability.

70. On or about September 5, 2023, Plaintiff provided a note allowing him to return to work on September 8, 2023, on light duty.

71. There were at least two light duty positions available.

72. Plaintiff was able to perform the essential functions of the job with or without accommodation for his disability.

73. On September 7, 2023, Defendant terminated Plaintiff's employment, citing his disability as the reason, and did not offer him either of the light duty positions.

74. There is no logical, medical or other basis to believe that Plaintiff's disability would prevent Plaintiff from performing the essential functions of the job.

75. But for Plaintiff's disability, Defendant would have retained Plaintiff in the position as a cashier or any other light duty position available.

76. Because of Defendant's violation of the ADA, Plaintiff has been damaged, suffering loss of pay, benefits and mental anguish.

## COUNT V- FMLA INTERFERENCE

77. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

78. During the 12-month period before August 12, 2023, Defendant employed Plaintiff for at least 1,250 hours of service.

79. Defendant employs fifty (50) or more persons for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year of Plaintiff's, health issues necessitating FMLA leave.

80. During the week of August 12, 2023, Defendant employed fifty or more employees, worked within 75 miles of the location where Plaintiff worked.

81. Plaintiff provided notice of his unforeseeable need of FMLA leave the same day that the need for FMLA leave arose.

82. Before , Plaintiff had never informed Defendant of the need for FMLA leave.

83. Defendant failed to provide Plaintiff with a Notice of Eligibility and Rights and Responsibilities form.

84. Defendant failed to provide Plaintiff with an FMLA Designation Notice form.

85. Defendant failed to provide Plaintiff with an FMLA Certification of Health Care Provider for Employee's Serious Health Condition form OR FMLA

Certification of Health Care Provider for Family Member's Serious Health Condition form.

86. Defendant interfered with Plaintiff's FMLA rights by telling him he did not qualify for FMLA leave when he was qualified, not allowing him to commence FMLA leave, and not restoring him to his position upon his return from leave.

87. On September 7, 2023, Defendant terminated Plaintiff's employment which was well within 12 weeks of his other leave which started August 12, 2023 citing taking too much leave as the reason for the termination.

88. Defendant's employees knew that Plaintiff suffered from FMLA qualifying conditions for which he needed treatment through his doctor.

89. Because of Defendant's interference with Plaintiff's rights under the FMLA, Plaintiff has been damaged, suffering loss of pay and benefits.

## COUNT VI - FMLA RETALIATION

90. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

91. During the 12-month period before August 12, 2023, Defendant employed Plaintiff for at least 1,250 hours of service.

92. Defendant employs fifty (50) or more persons for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year before August 12, 2023.

93. During the week of August 12, 2023, Defendant employed fifty or more employees, worked within 75 miles of the location where Plaintiff worked.

94. Plaintiff provided notice of his unforeseeable need of FMLA leave as soon as practicable due to his medical emergency.

95. Defendant willfully failed to provide Plaintiff with a Notice of Eligibility and Rights and Responsibilities form.

96. Defendant willfully failed to provide Plaintiff with an FMLA Designation Notice form.

97. Defendant willfully failed to provide Plaintiff with an FMLA Certification of Health Care Provider for Employee's Serious Health Condition form.

98. Defendant terminated Plaintiff's employment on September 7, 2023, less than 4 weeks into his other leave citing use of too much leave as the reason for his termination.

99. Defendant's manager decided to terminate Plaintiff's employment, in whole or part, because of Plaintiff's attempt exercise of FMLA rights.

100. Because of Defendant's retaliatory termination decision in violation of the FMLA, Plaintiff has been damaged, suffering loss of pay and benefits.

## COUNT VII- WORKERS' COMPENSATION RETALIATORY DISCHARGE

101. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if set forth fully herein.

102. Defendant and Plaintiff engaged in an employer/employee relationship.

103. In August of 2023, Plaintiff suffered an on-the-job injury.

104. Defendant terminated Plaintiff's employment on September 7, 2023, just weeks after his injury, and before he returned to work from his work-related injury.

105. Defendant willfully terminated Plaintiff for suffering an on-the-job injury and exercising of his right to report an injury that would have qualified him for workers' compensation benefits in violation of Alabama Code § 25-5-11.1.

106. Plaintiff has been damaged because of Defendant's retaliatory discharge by Defendant, suffering loss of pay and mental anguish.

## VI- PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

A.  Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the Americans with Disabilities Act;

B. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of the Family and Medical Leave Act;

C. Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position he would have had, had he not been terminated;

D. Award back pay, with employment benefits, front pay, liquidated damages; compensatory damages, special damages; punitive damages nominal damages;

E. Attorneys' fees and costs;

F. Plaintiff requests that the Court award Plaintiff equitable relief as provided by law; and,

G. Any different or additional relief as determined by the Court to which Plaintiff is entitled.

**JURY TRIAL DEMANDED**

*/s/ Patricia A. Gill*
_____
Patricia A. Gill

**OF COUNSEL:**

The Workers' Firm
2 20th Street North, Suite 900
Birmingham, Alabama 35203
T: 205.329-6392
 trish@theworkersfirm.com

**PLEASE SERVE DEFENDANT AS FOLLOWS**

ATS Operating LLC doing business as America's Thrift Store
Care of Registered Agent Mac Greaves
420 20th Street North, Ste 100
Birmingham, AL 35203